**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1760**

ESTERCILA LOURDES MARTINEZ-ROMERO; L.V.M.M.,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  August 29, 2019                    Decided:  September 12, 2019

Before GREGORY, Chief Judge, and AGEE and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Alfred L. Robertson, Jr., ROBERTSON LAW OFFICE, PLLC, Alexandria, Virginia, for Petitioners.  Joseph H. Hunt, Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Sheri R. Glaser, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Estercila Lourdes Martinez-Romero and her minor daughter, natives and citizens of El Salvador, petition for review of the order of the Board of Immigration Appeals (Board) dismissing their appeal from the immigration judge's (IJ) decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We deny the petition for review.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to rule to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2012). We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" *Marynenka v. Holder*, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2012)). Because the Board adopted and affirmed the

---

[1] The Petitioners do not challenge the Board's finding that they waived review of the IJ's denial of protection under the CAT or the resolution of their ineffective assistance of counsel claim. Accordingly, those issues are not before us. *See Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (noting that petitioner's failure to address Board's denial of CAT relief waives the issue); *Suarez-Valenzuela v. Holder*, 714 F.3d 241, 248-49 (4th Cir. 2013) (except in rare cases, failure to raise issue in opening brief constitutes abandonment of issue).

IJ's decision, we review both decisions. *Cordova v. Holder*, 759 F.3d 332, 337 (4th Cir. 2014).

We have reviewed the record, including Martinez-Romero's testimony, and conclude that the adverse credibility finding is supported by substantial evidence. *Ilunga*, 777 F.3d at 206. In light of the adverse credibility finding and the lack of detailed independent evidence, the Petitioners failed to establish a nexus between past persecution or fear of future persecution and a protected ground. *See Oliva v. Lynch*, 807 F.3d 53, 59 (4th Cir. 2015) (noting that alien must show that a protected ground is a central reason for the persecution). We conclude that the agency's denial of relief is not an abuse of discretion.

The Petitioners argue for the first time that the IJ lacked jurisdiction because the notices to appear that were filed with the immigration court pursuant to 8 C.F.R. § 1003.14(a) (2019) did not indicate the time and place for their first hearing and, therefore, "jurisdiction" did not "vest[]" under that regulation. *See also* 8 C.F.R. § 1003.13 (2019) (listing a "notice to appear" as one of the charging documents satisfying § 1003.14(a)); 8 U.S.C. § 1229(a)(1)(G)(i) (2012) (listing "[t]he time and place at which [removal] proceedings will be held" as required contents of a "notice to appear"). We recently rejected the same basic claim in *United States v. Cortez*, 930 F.3d 350 (2019), for two reasons. First, we explained, § 1003.14(a) is "a docketing rule" lacking jurisdictional significance, such that a violation of that rule would not deprive an immigration court of authority to adjudicate a case. *Id*. at 355. A claim that § 1003.14(a) has been violated may thus be forfeited—as it was here, when the Petitioners failed to exhaust their claim before

the agency. *See* 8 U.S.C. § 1252(d)(1) (2012) (stating that we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"). And second, we further explained in *Cortez*, the Petitioners are wrong on the merits: Whether a case is properly docketed with the immigration court under § 1003.14(a) turns on whether the notice filed with the immigration court satisfies the distinct requirements set out at 8 C.F.R. § 1003.15(b)–(c) (2012)—which do not mandate inclusion of the hearing date and time. *Cortez*, 930 F.3d at 361-66.[2] Because the notices filed with the immigration court in the Petitioners' case conformed to that regulatory definition, their claim would fail on the merits even if it were properly preserved.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[2] The statutory provision on which the Petitioners rely—8 U.S.C. § 1229(a)—is concerned with the different issue of notice to noncitizens, and has no bearing on whether a notice filed with an immigration court properly commences proceedings under 8 C.F.R. § 1003.14(a). *Cortez*, 930 F.3d at 361-66. Because the Petitioners do not allege a statutory violation, we do not address whether the bifurcated notices that they received—first, service of the notice to appear at issue; and second, notification by the immigration court of the date and time of their hearing—satisfy the statutory notice requirements laid out in 8 U.S.C. § 1229(a). *Id.* at 364-65 n.6.

4